## Jeffrey v. Erie Insurance Exchange

*John W. McCandless,* for plaintiff.

*T. Warren Jones,* and *Craig R.F. Murphey,* for defendant.

JOYCE, *J.,* September 12, 1991—This matter is before the court on appeal by plaintiff, Dorothy Jeffrey, from this court's order entered on June 20, 1991, granting defendant, Erie Insurance Exchange, judgment on the pleadings and denying plaintiff's petition to compel arbitration.

Briefly stated, the facts of the case are as follows: Plaintiff was injured while she was passenger-guest in a vehicle driven by Myra Zilhaver when the Zilhaver vehicle collided with a vehicle driven by Arthur Blackwell, an uninsured motorist. Plaintiff was neither a named insured nor a member of a named insured's household. The Zilhaver vehicle was covered by an insurance policy issued by Erie which provided bodily injury liability coverage of $100,000 per person and uninsured motorist coverage of $100,000 per person.

Because the accident was Mrs. Zilhaver's fault, Erie paid plaintiff the full $100,000 limit of the liability coverage. Plaintiff, believing she was entitled to recover the $100,000 limit of the uninsured motorist benefits as well, filed a petition to compel arbitration. The Zilhaver policy, however, contained a set-off provision such that the amount of damages paid or payable under the uninsured/underinsured coverage was to be reduced by the amount paid or payable by those liable for bodily injury to those protected under the policy and/or by the amount of liability protection paid or payable to those protected under the policy. Because plaintiff received the full $100,000 limit of the liability coverage, the uninsured motorist coverage was reduced by that amount under the setoff provision and plaintiff was not entitled to recover anything more under the policy.

Plaintiff raises three claims on appeal: (1) The court erred in basing its decision on *Kovaleski v. Erie Insurance Group,* 398 Pa. Super. 519, 531, 581 A.2d 585, 591 (1990) because this case applies to underinsured motorist coverage prior to enactment of the Motor Vehicle Financial Responsibility Law (M.V.F.R.L.); (2) The set-off provision of the policy was void as against public policy; and (3) The court erred in interpreting the set-off provision to provide a set-off against the limits of coverage when it should have interpreted the set-off to be against the total amount of damages awarded. These three claims clearly lack merit.

In the *Kovaleski* case, the Superior Court upheld the validity of clauses which require a set-off of underinsurance payments for sums previously paid by persons liable for bodily injury damages. *Id.* at 531, 581 A.2d at 591. In doing so, the Superior Court held in keeping with a line of cases which support the validity of set-off

clauses like the one at issue in the case at bar. *Geisler v. Motorists Mutual Insurance Company,* 382 Pa. Super. 622, 556 A.2d 391 (1989); *Bateman v. Motorists Mutual Insurance Company,* 377 Pa. Super. 400, 547 A.2d 428 (1988); *Sparler v. Fireman's Ins. Company of Newark, N.J.,* 360 Pa. Super. 597, 521 A.2d 433 (1987); *Votedian v. General Accident Fire and Life Assurance Corp.,* 330 Pa. Super. 13, 478 A.2d 1324 (1984). Furthermore, this court also considered a number of cases cited in defendant's brief which support the validity of set-off provisions such as that found in the Zilhaver policy issued by Erie Insurance. *Newkirk v. United Services Automobile Association,* 388 Pa. Super. 54, 59, 564 A.2d 1263, 1268 (1989); *West American Insurance Company v. Large,* 48 D.&C.3d 468 (1988); *Wolgemuth v. Harleysville Mutual Insurance Company,* 370 Pa. Super. 51, 535 A.2d 1145 (1988). The fact that the *Kovaleski* case was governed by the No Fault Act rather than the M.V.F.R.L. and specifically concerned an underinsured motorist coverage situation instead of an uninsured one in no way alters the significance of the court's holding with regard to the validity of set-off provisions in the Zilhaver policy.

Based on the case law cited above and an absence of controlling authority to the contrary, plaintiff's argument that the set-off provision in the Zilhaver policy is void as against public policy is equally without merit. Neither the Uninsured Motorist Coverage Act nor the M.V.F.R.L. preclude an insurer from reducing the uninsured motorist benefits of a policy by the amount claimant has recovered from the liability portion of the same policy.

Lastly, plaintiff claims that the set-off clause, if enforced, should operate as a set-off against the total amount of damages awarded rather than against the

limits of coverage. However, the clause itself unambiguously states that the amount of damages *paid or payable* under the Uninsured Motorist Coverage will be reduced by the amounts *paid or payable* by those liable or by the amount of liability protection *paid or payable* to those protected under the policy. The Superior Court recently held that such set-off clauses should operate against the limits of the coverage, not the total damage award. *Geisler, supra; Bateman, supra.*

Accordingly, this court is unable to substantiate plaintiff's claims that error was committed in granting defendant judgment on the pleadings.